UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANNIE MAKI,

        *Plaintiff,*

v.

DONALD TRUMP, CHAD WOLF,
OFFICE OF THE DIRECTOR OF
INTELLIGENCE, CENTRAL
INTELLIGENCE AGENCY, DEPARTMENT
OF JUSTICE, and FEDERAL BUREAU
OF INVESTIGATION,

        *Defendants.*
_____/

CASE NO. 20-12890
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

Because I conclude that Plaintiff's claims are outside this Court's jurisdiction and frivolous, I **RECOMMEND** that the case be *sua sponte* **DISMISSED**.

**II.   REPORT**

    **A.   FACTUAL BACKGROUND**

*Pro se* Plaintiff Annie Maki filed the instant complaint on December 1, 2020. (ECF No. 1.) She provides the following "summary" in her complaint: "Donald J. Trump and members of his administration including the heads of intelligence agencies, have engaged in the weaponization of the classification system to cover up criminal activity, have engaged in disregard for the law pertaining to the Acting Secretary of DHS position, have engaged in Seditious Conspiracy, and have engaged in conspiracy to violate my rights under color of law

1

leading to the withholding of documents that I believe I am entitled to under FOIA." (ECF No. 1, PageID.5.) Plaintiff contends that "[w]hen the Government Accountability Office found that Chad Wolf's succession and assumption of the Acting Secretary of DHS role was never valid, the 210 day term limit for a serving acting officer had already been exceeded in violation of U.S.C. § 3346(a)(1), meaning that even if his role as Acting Secretary had ever been valid and in compliance with the law to start with, he was illegally occupying that role in further violation of the law in excess of the 210 day limit." (ECF No. 1, PageID.9.)

Plaintiff cites to Article II of the United States Constitution and 5 U.S.C. § 3345 regarding executive powers and duties and "presume[s] that Donald John Trump has been aware that Chad Wolf has not been serving legally in the role of Acting Secretary of DHS at least since the GAO rendered their decision of August 14, 2020, and I assert that I believe that he has a responsibility and duty to have knowledge and awareness of this matter as well as the requirements under 5 U.S.C. § 3345 and § 3346, but has willfully exercised disregard for the law." (ECF No. 1, PageID.11.)

Plaintiff "assert[s] that I have reason to believe that I have been under a protective detail that I believe is linked to active military Armed Forces since at least October of 2018, and that the waiver for the duty to inform me about threats against my life, any attempts to take my life, of which there have been numerous of over the course of the past two years, and a broad assortment of related matters, are classified to cover up gross criminality and for purposes of plausible deniability, some of it classified in violation of the law and my rights, as I have never consented or contracted to these circumstances, that a vast number of individuals within the government and this administration and elsewhere are aware of these circumstances, and that

these circumstances against me were initiated by activity relating to controversial public pseudonymous posts made as 'Q' by Senior Advisor to the President Stephen Miller." (ECF No. 1, PageID.11-12.) Plaintiff further avers that "I believe that my life, skillset, and capabilities, were leveraged under duress in part to be used as assassin bait, under dehumanizing circumstances which could be characterized as Forced Labor under 18 U.S.C. § 1589(a)(4) with the implicit understanding that my protective detail could be withdrawn should my usefulness or cooperation expire." (ECF No. 1, PageID.12.)

Plaintiff seeks injunctive relief to take "hired assassins" and "operatives linked to the CIA's Special Activities Center" into custody and that her protective detail not be withdrawn. (*Id*.) Plaintiff also contends that "Ivanka Trump and Jared Kushner may have knowledge of and involvement with the attempts against my life, [and] are partially motivated by retaliation in order to silence my efforts to bring greater awareness of past allegations relating to cases against Jeffrey Epstein and Ghislaine Maxwell, pertaining to Donald Trump's ex-wife Ivana Trump's alleged activity in accompanying Ghislaine Maxwell in Palm Beach to procure underaged girls for Jeffrey Epstein." (ECF No. 1, PageID.13.) Plaintiff also avers "I believe Ivana Trump and Jared Kushner may be working as operatives for Israel." (*Id*.) Plaintiff continues to name persons, including the named Defendants and other who she believes have been involved in a "Seditious Conspiracy violation of 18 U.S.C. § 2384 to attempt to uphold Chad Wolf's illegal occupation of the Acting Secretary of DHS role…" (ECF No. 1, PageID.13.)

Plaintiff also complains that her "life and rights remain under threat" because of the "Department of Justice Office of Information Policy's refusal to grant expedition of and failure thus far to respond to my FOIA appeal[s.]" (ECF No. 1, PageID.13-14.)

3

In the relief section, Plaintiff asks for "suitable parties to be placed under full criminal investigation[,]" for the Court to "issue a statement on whether or not Chad Wolf is acting as the Acting Secretary of DHS in a legal manner," to issue injunctions "against Chad Wolf's nomination" and to "cease any ongoing violations of the law as relevant to this complaint" and to "prevent the destruction of any and all classified documents relating to any of the matters relevant to this complaint" and to "order the CIA, DNI, FBU, and DOJ to comprehensively review all classified documents pertaining to this complaint by means that discludes any parties that may be incriminated within those documents, or any individuals listed in this complaint" and to "order the CIA, DNI, FBI, and DOJ to modify any documents pertaining to me…to reflect that I have in no way voluntarily consented to or contracted with the government…" (ECF No. 1, PageID.15-16.) She also asks the court to "order the ODNI, FBI, and DOJ to issue responses to my FOIA requests" and to "issue injunctions to the DNI, FBI, CIA, and DOJ, for the downgrading or declassification of any matters relevant to this complain[t.]" (ECF No. 1, PageID.17.)

**B.    LEGAL BACKGROUND**

In the instant case, Plaintiff paid the filing fee and did not seek to proceed in forma pauperis (IFP); therefore, the complaint will not be screened under 28 U.S.C. § 1915(e)(2)(B). However, federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two ways this Court can obtain subject matter jurisdiction: first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. Dismissal *sua sponte* for lack of subject matter jurisdiction is appropriate where a complaint's allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (same).

The Supreme Court has established that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is also frivolous and can be dismissed if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction. *See* 28 U.S.C.A. § 1915(e)(2)(B)(i) (West 1998); Fed.R.Civ.P. 12(h)(3)."); *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 941 (5th Cir. 1999) (citing caselaw for the proposition that a complaint is frivolous and can be dismissed on screening if the subject matter is outside the court's jurisdiction). In addition to the screening statute, *Carlock* also cited Fed.R.Civ.P. 12(h)(3), which states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

5

### C. ANALYSIS

Here, Plaintiff has sued persons or entities who are immune from suit. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The President is entitled to absolute immunity from suit. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). In addition, directors and heads of agencies are also immune from suit. *Asbury v. Obama*, 2018 WL 770185, at * 2 (W.D. Ark. Feb. 7, 2018)(heads of the DEA and FBI immune from suit). "The sovereign immunity of the United States may only be waived by a federal statute" and no such statute has been cited here. *F.D.I.C.*, 510 U.S. at 475.

I therefore conclude that dismissal for lack of subject matter jurisdiction is appropriate because all of the Defendant are immune from suit, rendering the complaint frivolous. I also suggest that even if the Defendants are not immune, dismissal of the Complaint is proper because the complaint's allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Hagans,* 415 U.S. at 536–37; *Apple v. Glenn*, 183 F.3d at 479.

### III. CONCLUSION

For these reasons, I recommend that this case be *sua sponte* **DISMISSED**.

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P.

72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 7, 2021                                    S/ PATRICIA T. MORRIS
                                                          Patricia T. Morris
                                                          United States Magistrate Judge