UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANNIE MAKI,

    Plaintiff,                                       Case No. 20-CV-13228
                                                        Honorable Thomas L. Ludington

v.

DONALD J. TRUMP, et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE MORRIS' REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S COMPLAINT**

On December 1, 2020, Plaintiff Annie Maki filed a Complaint against Defendants. ECF No. 1. Plaintiff has not sought to proceed in forma pauperis. Regardless, on January 7, 2021, Magistrate Judge Morris entered a report recommending that Plaintiff's Complaint be sua sponte dismissed for lack of jurisdiction. ECF No. 4. Plaintiff timely filed 10 objections to the Report and Recommendation. ECF No. 5. For the reasons outlined below, Plaintiff's objections will be overruled, Magistrate Judge Morris' Report and Recommendation will be adopted, and Plaintiff's Complaint will be dismissed.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the

basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.

Plaintiff articulates 10 objections to the Magistrate Judge's Report and Recommendation. ECF No. 5.

First, Plaintiff objects "to the characterization of [her] case as frivolous and the recommendation that [her] case be *sua sponte* Dismissed." ECF No. 5 at PageID.34. Plaintiff believes this Court has jurisdiction as a result of five federal statutes. She cites 28 U.S.C. § 1331, which authorizes federal question jurisdiction, but does not identify the constitutional or statutory

provisions at issue in this case. She also cites 28 U.S.C. § 1346 which provides that U.S. District Courts have original jurisdiction over certain claims against the United States. Again, she does not specify the underlying claims at issue in the case. Finally, she cites 5 U.S.C. §§ 552 and 552a which require certain documents be available to the public. However, except for two exhibits attached denying FOIA requests, Plaintiff fails to identify the records she sought and why they were denied to her. In addition, Plaintiff's Complaint does not reference §§ 552 or 552a. Plaintiff's first objection will be overruled.

Plaintiff's second objection challenges some of the background information Magistrate Judge Morris included in her fact section regarding injunctive relief for "hired assassins" to be placed in protective custody. ECF No. 5 at PageID.34–35. Plaintiff also explains that she submitted a request for documents to the Department of Justice Office of Information Policy on October 19, 2020 and that her request is still "in progress." *Id.* She argues her appeal

> has not been handled in a manner that complies with 5 U.S.C. Section 552(a)(6)(A)(ii) and the document modification request within that appeal has not been handled in a manner than complies with 5 U.S.C. Section 552a(d)(2)(B). This matter qualifies for judicial review pursuant 5 U.S.C. Section 552(a)(6)(E)(iii) and jurisdiction of a district court of the United States pursuant 5 U.S.C. Section 552a(g)(1)(D), and this Court is capable of granting me relief relating to the requested documents pursuant 5 U.S.C. Section 552a(g)(3).

ECF No. 5 at PageID.35–36.

Plaintiff's references to 5 U.S.C. §§ 552a and 552 do not save her Complaint. While it is true that Plaintiff attached a copy of a FOIA denial to her Complaint and that such decisions can be appealed to the federal courts, Plaintiff did not reference §§ 552 or 552a in her Complaint. Her reference to the statute now, especially without further argument about why the denial was wrong, is not a colorable objection to Magistrate Judge Morris' Report and Recommendation. Plaintiff's second objection will be overruled.

Third, Plaintiff argues that her "words are being mischaracterized and parsed together in a way that does not accurately portray what [she] stated and creates misattribution as to the cause of threat." ECF No. 5 at PageID.37. She explains there are two different allegations in her Complaint. First, "the Department of Justice Office of Information Policy itself has been a party in criminal conspiracy against [her] rights, deprivation of [her] rights under the color of law, and possibly seditious conspiracy." *Id.* Second, she alleges "that people within and connected to Donald Trump's administration are the ones responsible for actively creating threats against [her] life." *Id.* She continues,

> [It is unclear to] what degree the Department of Justice Office of Information Policy may have potentially been acting under duress, or even in a protective capacity towards me to some degree, as they may potentially share my uncertainty as to whether complying with my document modification request might adversely impact the continuation of the protection I have been under.

*Id.* While this Court appreciates Plaintiff's clarification, it is unclear what impact this information has on Magistrate Judge Morris' conclusion to dismiss Plaintiff's Complaint. As such, her third objection will be overruled.

Fourth, Plaintiff objects to the Magistrate Judge's statement that "The President is entitled to absolute immunity from suit." ECF No. 5 at PageID.38 (quoting ECF No. 4 at PageID.31). Plaintiff "respectfully request[s] that this Court allow [her] to continue to pursue relief from Donald Trump within this case," but provides no legal basis explaining why Donald Trump should remain in the case. As such, her fourth objection will be overruled.

Fifth, Plaintiff objects to Magistrate Judge Morris' conclusion that "directors and heads of agencies are also immune from suit." ECF No. 5 at PageID.40 (quoting ECF No. 4 at PageID.31). She argues that she "could find no legal basis for Chad Wolf having ever legitimately legally being appointed as a head of the Department of Homeland Security in a manner that should confer him

any special immunity privilege." ECF No. 5 at PageID.40–41. She also requests that even if this Court dismisses Chad Wolf, that it retain jurisdiction over the other Defendants. *Id.* However, Plaintiff cites no case law or statutes explaining why Defendants are not immune from suit. Plaintiff's fifth objection will be overruled.

Sixth, Plaintiff objects to the Magistrate Judge's statement that the United States' sovereign immunity may only be waived by federal statute and Plaintiff failed to cite a statute that waives sovereign immunity. ECF No. 5 at PageID.41–42. Plaintiff explains that she "make[s] full reservation of [her] rights." *Id.* This is not a colorable objection. Plaintiff must identify a statute waiving sovereign immunity and failed to do so. Her sixth objection will be overruled.

Seventh, Plaintiff objects to the dismissal of her case for lack of subject matter jurisdiction. ECF No. 5 at PageID.42. However, Plaintiff does not explain why this Court has jurisdiction over her claim. Her seventh objection will be overruled.

Eighth, Plaintiff challenges Magistrate Judge Morris' conclusion that even if Defendants are not immune, dismissal is proper because the case is frivolous. ECF No. 5 at PageID.42. She explains that she was not surprised by the events of January 6, 2021 at the U.S. Capitol and "assert[s] that though claims within my complaint may seem outlandish or abnormal to those without exposure to the related activity therein, there are other clearly visible indicators even to the general public that some things right now are not exactly 'business as usual.'" *Id.* at PageID.44. She states that she has sustained "grievous injuries" and explains "it frankly deeply hurts my feelings that the Magistrate Judge would mischaracterize my complaint in such a manner." *Id.* at PageID.43. However, Plaintiff's hurt feelings are not a colorable basis for objection to the Magistrate Judge's conclusion. Her eighth objection will be overruled.

Ninth, Plaintiff objects to her case being sua sponte dismissed and "respectfully request[s] that this Court not dismiss [her] case or treat [her] case with any prejudice or bias." ECF No. 5 at PageID.44. Plaintiff has identified no alleged bias or prejudice from this Court nor identified any legal basis for her case to proceed. Her ninth objection will be overruled.

Plaintiff's tenth objection challenges the recitation of caselaw regarding waiver of rights to appeal if Plaintiff failed to file objections. ECF No. 5 at PageID.44–45. She explains she "unequivocally make[s] full reservation of [her] rights." *Id.* However, Plaintiff timely objected to the Magistrate Judge's Report and Recommendation. Therefore, she did not waive her right to appeal. Her tenth objection will be overruled.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Objections to the Report and Recommendation, ECF No. 5, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 4, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.

Dated: February 10, 2021                         s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge